CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | | |
|---|---|---|
| JOSE CASTANEDA, on behalf of himself and others similarly situated, | : | Case No. 17 CV 4258 |
| | : | |
| Plaintiff, | : | FLSA |
| | : | COLLECTIVE |
| -against- | : | ACTION and RULE |
| | : | 23 CLASS ACTION |
| NATURAL CROP INC. d/b/a GRASS ROOTS JUICERY, | : | COMPLAINT |
| MARIANO DIAZ, and SABRINA L. DIAZ, | : | |
| | : | **Jury Trial** |
| Defendants. | : | **Demanded** |

------------------------------------------------------------------X

Plaintiff, JOSE CASTANEDA (hereinafter, "Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants NATURAL CROP INC. d/b/a

GRASS ROOTS JUICERY ("GRASS ROOTS" or the "Restaurant"), MARIANO DIAZ,

and SABRINA L. DIAZ (collectively, the "Individual Defendants") (GRASS ROOTS

and the Individual Defendants are collectively referred to herein as the "Defendants") and

states as follows:

## **INTRODUCTION**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Kings County, New York.

6.      Defendant, GRASS ROOTS, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 336A Graham Avenue, Brooklyn, New York 11211.

7.      Defendants MARIANO DIAZ and SABRINA L. DIAZ are joint owners, officers, shareholders, directors, supervisors, managing agents, and proprietors of GRASS ROOTS, who actively participate in the day-to-day operations of the Restaurant

and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with GRASS ROOTS.

8.    The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, and (iv) supervise and control the work of the employees.

9.    The Individual Defendants are present on the premises of the Restaurant on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the workers' employment – including hours worked and pay received – be authorized and approved by them.

10.    Upon information and belief, at least within each of the most recent three (3) years relevant to the allegations herein, GRASS ROOTS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.    Defendants continuously employed Plaintiff to work as a non-exempt kitchen worker/food preparer for Defendants' juicery/restaurant from in or about September 2013 through on or about December 27, 2016.

3

12.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

15.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16.    The Individual Defendants actively participate in the day-to-day operation of the Restaurant.  For instance, MARIANO DIAZ and SABRINA L. DIAZ personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for any errors made.

17.    The Individual Defendants jointly create, approve, and implement all crucial business policies, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are paid.

18.    In or about September 2013, Defendants hired Plaintiff (known to Defendants as "Johnny Martinez") to work as a non-exempt kitchen worker/food preparer, for Defendants' juicery/restaurant known as Grass Roots Juicery, located at 336A Graham Avenue, Brooklyn, New York.

19.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay and corresponding overtime rate of pay.

20.     Plaintiff worked continuously for the Defendants until on or about December 27, 2016.

21.     Plaintiff worked over forty (40) hours per week.

22.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (Sunday off), and his work schedule consisted of nine (9) hours per day from 8:00 a.m. until 5:00 p.m. four (4) days per week, and eleven (11) hours per day two (2) days per week from 8:00 a.m. (9:00 a.m. on Saturdays) until 7:00 p.m. (8:00 p.m. on Saturdays)

23.     Plaintiff worked fifty-eight (58) hours per week, and sometimes in excess thereof.

24.     From the beginning of his employment and continuing through in or about December 2013, Plaintiff was not paid proper overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $600 per week straight time for all hours worked, and worked fifty-eight (58) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25.     Beginning in or about January 2014 and continuing through in or about February 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $700 per week straight time for all hours worked, and worked fifty-eight (58) hours per week.  Work performed above

forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26.      Beginning in or about March 2016 and continuing through the remainder of his employment on or about December 27, 2016, Plaintiff was not paid proper overtime compensation.   During this period, Plaintiff was paid, in cash, at the rate of $800 per week straight time for all hours worked, and worked fifty-eight (58) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.      Upon paying Plaintiff his wages each week, Defendants failed to provide Plaintiff with weekly wage statements setting forth, among other things, Plaintiff's gross wages, deductions, and net wages.

28.      Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29.      Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that their work shift in exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

30.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between July 18, 2014 through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per workweek (the "Collective Action Members").

32.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields

of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

34.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

36.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.      Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.      Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38.     Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

40.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since July 18, 2011 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

41.     The persons in the Class identified herein are so numerous that joinder of all members is impracticable.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

42.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

43.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44.    Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

45.    Plaintiff will fairly and adequately protect the interests of the NY Class members.    Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class members to represent their interests fairly and adequately, and that he must consider the interests of the Class members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class members.

46.    Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.    Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

47.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

48.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

      b.    Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  Whether Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

e.  Whether Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

g.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

49.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.      At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

52.      Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, GRASS ROOTS has had annual gross revenues in excess of $500,000.

53.      Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

54.      Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

55.      At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.      Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and

that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

57.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

58.    Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

59.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

60.    Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

62.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.    Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

64.    Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

65.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  12 N.Y.C.R.R. § 146-1.6.

66.    Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and Class members for each day they worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

67.    Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

68.    Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

69.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

15

employees, and other similar information in contravention of New York Labor Law §
661.

70.    Defendants failed to establish, maintain, and preserve for not less than six
(6) years payroll records showing the hours worked, gross wages, deductions, and net
wages for each employee, in contravention of the New York Labor Law § 194(4), and
New York State Department of Labor Regulations § 146-2.1.

71.    Defendants failed to notify Plaintiff and the Class members at the time of
hire or thereafter of their rates of pay and their regularly designated payday, in
contravention of New York Labor Law § 195(1).

72.    Due to Defendants' New York Labor Law violations, Plaintiff and the
Class members are entitled to recover from Defendants their unpaid overtime
compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs
and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

73.    Plaintiff and the Class members are also entitled to liquidated damages
pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated
damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, JOSE CASTANEDA, on behalf of himself and all
similarly situated Collective Action Members and Class members, respectfully requests
that this Court grant the following relief:

(a)    An award of unpaid overtime compensation due under the FLSA and New
York Labor Law;

16

(b)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       July 18, 2017

                                   Respectfully submitted,

                                   CILENTI & COOPER, PLLC
                                   *Attorneys for Plaintiff*
                                   708 Third Avenue – 6th Floor
                                   New York, NY 10017
                                   T.  (212) 209-3933
                                   F.  (212) 209-7102


                                   By:  _____
                                        Giustino (Justin) Cilenti (GC2321)

18

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Jose Jony Castañeda_, am an employee currently or formerly employed by _Grass Roots_____, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_7/13_____, 2017

_____